IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEXANDRIA P.,[1]

   Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

   Defendant.

CIVIL ACTION

No. 19-1113-JWL

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) residual functional capacity (RFC) assessment based on his finding Dr. Duclos's opinion significantly persuasive, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

I.  **Background**

Plaintiff filed an application for DIB on May 16, 2017. (R. 89, 317-18). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erroneously failed to include a mental limitation in the RFC he assessed which would account for Dr. Duclos's limitation to understand and remember 1-2 step instructions and to carry out 1-2 step tasks—despite finding Dr. Duclos's opinion significantly persuasive. (Pl. Br. 13) (citing R. 238-39).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II. Discussion

Plaintiff points out that the ALJ found the psychiatric opinions of two of the state agency consultants, Dr. Adams, Psy.D. and Dr. O'Brien, M.D., partially persuasive and noted that they opined Plaintiff could understand and remember 1-2 step instructions and carry out 1-2 step tasks. (Pl. Br. 12-13) (citing R. 100, 212, 213). She notes that a different state agency consultant, Dr. Duclos, [3] later provided an opinion that Plaintiff

---

[3] Plaintiff did not name Dr. Duclos and stated she provided her opinion in April 2017. However, consideration of the records cited reveals that the opinion at issue was Dr. Duclos's, the opinion was dated 01/08/2018 (R. 232, 240), and the exhibit in which it was contained (Ex. C7A) was dated 04/09/2018. (R. 243); see also (Doc. 8, p.2).

4

could understand and remember 1-2 step instructions and carry out 1-2 step tasks, and the ALJ found this opinion significantly persuasive. (Pl. Br. 13) (citing R. 100, 232, 238-39). She argues that the ALJ's mental RFC did not include these limitations to 1-2 step instructions or tasks, the mental RFC assessed does not accommodate such limitations, and the ALJ failed to explain why he rejected the limitations. Id. at 13-16 (citing Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007); Martinez v. Astrue, 422 F. App'x 719, 724-25 (10th Cir. 2011); and District of Kansas cases applying them).

The Commissioner argues that the RFC assessed by the ALJ is supported by the evidence. (Comm'r Br. 4). He points out that that the record includes three opinions regarding Plaintiff mental impairments, those of Dr. Adams, Dr. O'Brien, and Dr. Duclos. Id. He argues, "despite Plaintiff's argument to the contrary, the ALJ assessed 'understanding and memory limitations' consistent with those found in the opinions of Dr. Adams, and (although not addressed by Plaintiff in her argument) also consistent with those found in the opinions of Drs. O'Brien and Duclos." Id. at 5. He argues that "a plain reading of the State agency sources' opinions—that Plaintiff had no significant limitation in her ability to remember locations and work like procedures and no limitation in her ability to understand and remember very short and simple instructions—undermines Plaintiff's argument." Id. at 6 (emphasis in original). Consequently, he argues the doctors' opinions are "not inconsistent with the ALJ's finding that Plaintiff 'was able to understand, remember, and carry out simple, routine and repetitive tasks.'" Id. at 6-7. The Commissioner argues that the court may not find an inconsistency "when the ALJ's findings 'can be harmonized.'" (Comm'r Br. 7) (quoting Chismarich v.

5

Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) ("deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized")). Finally, he argues that the ALJ is not required to adopt a medical opinion word-for-word. Id. (citing Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012)).

Although Plaintiff's Brief does not address the state agency psychiatric consultants by name, it is clear her argument is that the ALJ found Dr. Duclos's opinion that she can understand and remember 1-2 step instructions and can carry out 1-2 step tasks is "significantly persuasive" and the ALJ did not account for those limitations in the RFC he assessed. Plaintiff cites the record at 232 and 238-39 as the opinion to which she is referring and that is Dr. Duclos's opinion. (Pl. Br. 13). Moreover, she recognized this as the opinion which the ALJ found significantly persuasive. Id. (citing R. 100) ("I find the State Agency opinion of Crystal M. Duclos to be significantly persuasive."). Further, the ALJ recognized that all three state agency consultants, Dr. Adams, Dr. O'Brien, and Dr. Duclos, opined that Plaintiff "could carry out one to two step tasks" although he found Dr. Adams's and Dr. O'Brien's opinions only partially persuasive. (R. 100). Thus, the Commissioner is mistaken when he argues, "Plaintiff's sole argument on appeal challenges the ALJ's assessment of Dr. Adams's opinion." (Comm'r Br. 4). However, except for the name of the psychologist and the fact Dr. Duclos's opinion was afforded greater weight, the court's analysis is the same in either case.

The ALJ recognized Dr. Duclos's opinion

> that the claimant had moderate limitations in her domains of mental
> functioning but could carry out one to two step tasks, have occasional

6

> interactions with the public, supervisors, and co-workers, and could adapt to minor changes in a low stress work-setting.

(R. 100). He found this opinion significantly persuasive because it

> is consistent with the objective evidence of record. Specifically, these limitations are consistent with the claimant's conservative psychiatric treatment during the relevant period. Furthermore, these limitations are consistent with the claimant's reported activities of daily living, including her testimony that she has a boyfriend, is able to live alone, makes simple meals, drives, goes to stores 2 times a month, does online shopping/Facebook, and had friend that shops for her, [and because Dr. Duclos] supported her opinion with a report and analysis of the record.

Id. Based at least in part on these findings, the ALJ assessed Plaintiff with the mental RFC

> to understand, remember, and carry out simple, routine and repetitive tasks in a work environment with no fast-paced production requirements involving only simple work-related decisions, and with only occasional judgment and work place changes. The claimant could occasionally respond to and have interaction with supervisors, coworkers and the general public.

(R. 97) (bold omitted).

Plaintiff is correct that Dr. Duclos opined that Plaintiff could understand and remember 1-2 step instructions and carry out 1-2 step tasks, and that the ALJ found this opinion significantly persuasive. Her argument fails, however, in her very next step because she has not shown the ALJ failed to include those limitations in the RFC he assessed. As quoted above, the ALJ limited Plaintiff "to understand, remember, and carry out simple, routine and repetitive tasks." Id. The only difference between the ALJ's RFC and Dr. Duclos's opinion is that the ALJ substituted the phrase "simple, routine and repetitive" for Dr. Duclos's use of the phrase "1-2 step" in describing the

7

instructions Plaintiff can understand and remember and the tasks she can carry out. While this potentially involves some degree of difference beyond mere semantics, it defies logic to imagine instructions or tasks in <u>unskilled work</u> that require only 1-2 steps which would not also fit within the descriptors "simple, routine and repetitive."

While the Commissioner appeals to Eighth Circuit law suggesting that the two views of the evidence can be harmonized by the court; <u>Chismarich</u>, 888 F.3d at 980; the court need not rely on such non-binding precedent. In the Tenth Circuit, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." <u>Lax</u>, 489 F.3d at 1084 (citations, quotations, and bracket omitted); <u>see also</u>, <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966). Moreover, and perhaps more importantly, as noted above, to overturn an agency's finding of fact the court "must find that the evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>Elias-Zacarias</u>, 502 U.S. at 481, n.1 (emphases in original).

Plaintiff has shown no error in the ALJ's decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

8

Dated March 11, 2020, at Kansas City, Kansas.

                                                    s:/ John W. Lungstrum
                                                    **John W. Lungstrum**
                                                    **United States District Judge**